# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GLENN BURNETTE, | ) |
|     Petitioner, | ) |
| | ) |
| vs. | ) Civil Action No. 11-1216 |
| | ) Chief Judge Gary Lancaster/ |
| THE ATTORNEY GENERAL OF THE | ) Magistrate Judge Maureen P. Kelly |
| STATE OF PA.; THE DISTRICT | ) |
| ATTORNEY OF THE COUNTY OF | ) |
| FAYETTE, | ) |
|     Respondents. | ) |

## REPORT AND RECOMMENDATION

**I. RECOMMENDATION**

It is respectfully recommended that the Petition for Habeas Corpus brought pursuant to 28 U.S.C. § 2254 be dismissed due to Petitioner's failure to prosecute and/or for failure to respond to the Court's order.

**II. REPORT**

On September 21, 2011, Glenn Burnette ("Petitioner"), a state prisoner housed at the State Correctional Institution at Greensburg, submitted a Petition for Habeas Corpus for filing without an accompanying fee or application to proceed in forma pauperis and also without a form selecting either the Magistrate Judge or District Judge option. The Court issued an order directing him to rectify this situation by November 15, 2011. ECF No. 2. The Petitioner did not respond to the order and so on December 9, 2011, the Court issued an Order to Show Cause, ECF No. 3, why the case should not be dismissed due to Petitioner's failure to comply with the Court's earlier order. Petitioner was given until December 29, 2011, by which to respond to the Order to Show Cause. Petitioner never responded to the Order to Show Cause. As of this date,

Petitioner has not complied with the Court's prior orders, has not sought an extension of time within which to do so, nor filed any further document. Accordingly, the Court can only conclude that Petitioner has lost interest in pursuing this Petition. Hence, it is recommended that this case be dismissed for failure to prosecute and/or for failure to obey court orders.

Rule 41(b) of the Federal Rules of Civil Procedure[1] deals with involuntary dismissals and provides, in relevant part, that a court may dismiss an action

> [f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court . . . . Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

"A Rule 41(b) dismissal may be entered sua sponte or on motion of a party." Pickel v. United States, 746 F.2d 176, 182 n.7 (3d Cir. 1984). A court's decision to dismiss for failure to prosecute is committed to the court's discretion. See Collinsgru v. Palmyra Bd. of Educ., 161 F.3d 225, 230 (3d Cir. 1998)("We review for abuse of discretion a district court's dismissal for failure to prosecute pursuant to Rule 41(b)."), *abrogated on other grounds by*, Winkelman ex rel. Winkelman v. Parma City School Dist., 550 U.S. 516 (2007). In exercising that discretion, a district court should, to the extent applicable, consider the six factors known as the Poulis factors[2] when it levies the sanction of dismissal of an action for failure to obey discovery

---

[1] The Federal Rules of Civil Procedure are applicable to habeas petitions insofar as those rules are not inconsistent with habeas practice. See Rule 11 of the Rules Governing Section 2254 Cases. Applying Rule 41(b) is not inconsistent with habeas practice. See, e.g., Martinez v. Johnson, 104 F.3d 769, 772 (5th Cir. 1997)("we cannot say that the district court's application of Fed.R.Civ.P. 41(b) conflicts with the habeas rules.").

[2] See e.g., Emerson v. Thiel College, 296 F.3d 184, 190 (3d Cir. 2002)("In considering the second *Poulis* factor . . ."). Poulis refers to Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984).

schedules, failure to prosecute or to comply with other procedural rules. Harris v. City of Philadelphia, 47 F.3d 1311, 1330 n.18 (3d Cir. 1995). Those six Poulis factors are:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and to respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Id. However, "*Poulis* did not provide a magic formula whereby the decision to dismiss or not to dismiss a plaintiff's complaint becomes a mechanical calculation easily reviewed by" the Court of Appeals. Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992). For the Court of Appeals has recognized that "not all of the *Poulis* factors need be satisfied in order to dismiss a complaint. *See C.T. Bedwell & Sons, Inc. v. Int'l. Fidelity Ins. Co.*, 843 F.2d 683, 696 (3d Cir. 1988). Instead, the decision must be made in the context of the district court's extended contact with the litigant." Id.

In considering the Poulis factors to the extent applicable herein, factor one appears to weigh in favor of dismissal for, unlike a represented party who could blame failures on an attorney, Petitioner (who is *pro se*), appears to be solely responsible for not complying with the Court's simple order to rectify the deficiencies by the deadline given. As the Respondents have never been served, as a consequence of Petitioner's failure to obey the Court's order, this Court has difficulty in determining the second Poulis factor of prejudice to them. Hence, the Court will not consider this factor as weighing for or against Petitioner because the Court simply does not have knowledge of this factor. Taking up factor number three, again, the Court does not have sufficient information to determine whether this factor weighs for or against Petitioner.

3

The fourth factor of wilfulness appears to weigh against Petitioner insofar as he has not responded nor has he sought an extension of time in which to do so nor has he explained why he has not responded.  In considering the fifth factor, it does not appear to this Court, what other action the Court can take to cause Petitioner to move the case forward.  Of course, given the opportunity to file objections to this Report and Recommendation, he may yet indicate that he wishes to proceed.   Next, the Court addresses factor number 6, it is difficult to assess the meritoriousness of Petitioner's claims with just the barest of allegations from the Petition.  Hence, the Court will not weigh this factor for or against Petitioner.

In considering all of these factors, the Court finds most significant Petitioner's apparent wilful failure to respond to the Court's two orders requiring simple actions on his part.  The Court deems this failure to be a good barometer of Petitioner's will, or lack thereof, to prosecute this case.  In light of this, the Court recommends that the case be dismissed for failing to comply with Court orders and/or for failing to prosecute.

### III.  CONCLUSION

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, the parties are allowed to file objections by February 13, 2012.  Failure to timely file objections will constitute a waiver of any appellate rights. <u>Brightwell v. Lehman</u>, 637 F.3d187, 193 n.7 (3d Cir. 2011).   Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

                                                         <u>s/Maureen P. Kelly</u>
                                                         MAUREEN P. KELLY

U.S. MAGISTRATE JUDGE

Dated: January 25, 2012

cc: The Honorable Gary Lancaster
Chief United States District Judge

**GLENN BURNETTE**
JA-0593
S.C.I. Greensburg
165 SCI Lane
Greensburg, PA 15601-9103